UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHNNY RAY BAKER, SR.  ]
    Plaintiff,  ]
                   ]
v.                      ]    No. 3 05 0963
                   ]    Judge Trauger
SHERIFF RONNIE TOUNGETTE  ]
    Defendant.  ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Humphreys County Jail in Waverly, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Ronnie Toungette, Sheriff of Humphreys County, seeking injunctive relief.

The plaintiff believes that several conditions of his confinement are unconstitutional. More specifically, he complains that the defendant has not yet transferred him to a state penal facility where he can earn sentence reduction credits. In addition, the plaintiff alleges that he has wrongly been kept on continuous lockdown, that his cell has no lights, that there is an open sewage pipe in his cell, that he has been denied medication for his diabetes, and that he has no access to a law library.

This action is being brought against the defendant in his official capacity only. As such, the plaintiff is suing the defendant's official office rather than the individual himself. Will v. Michigan Department of State Police, 491 U.S. 58, 109

1

S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Thus, the plaintiff's claims are against Humphreys County, the municipal entity that operates the Humphreys County Jail.

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Humphreys County or its agent, the Humphreys County Sheriff's Department. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In short, for Humphreys County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The plaintiff has offered nothing to suggest that his rights are being violated pursuant to a policy or regulation of Humphreys County or its agents. Consequently, the plaintiff has failed to state a claim against the defendant acting in his official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge